IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS JOSEPH CAMBIANO (07),

    Defendant.

Case No. 17-20038-07-DDC

## MEMORANDUM AND ORDER

Defendant Thomas Joseph Cambiano filed a pro se[1] Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 905). The government filed a Response (Doc. 912). For reasons explained below, the court dismisses the motion for lack of subject matter jurisdiction.

**I.    Background**

On October 15, 2019, Mr. Cambiano pleaded guilty to violating 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 2. *See* Doc. 581 at 1; Doc. 580. Based on Mr. Cambiano's offense level and criminal history, the guidelines range at sentencing was 151 to 188 months. Doc. 669 at 29 (PSR ¶ 124). On January 16, 2020, the court sentenced him to a below-guidelines sentence of 135 months' imprisonment. Doc. 735 at 2. His projected release date is May 5, 2027. *See* Thomas Cambiano, Reg. No. 28886-031, https://www.bop.gov/inmateloc/ (last visited June 22, 2021).

On December 16, 2020, Mr. Cambiano filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). Doc. 905 at 1. On March 16, 2021, the court ordered Mr. Cambiano

---

[1]    "[P]risoners who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

to show cause because his motion failed to provide the court with sufficient facts to determine whether the court had subject matter jurisdiction. *See* Doc. 919 at 3. On April 12, 2021, Mr. Cambiano responded to the Show Cause Order in a timely fashion. *See* Doc. 924 at 1.

The court now recites the law governing motions under § 3582(c)(1)(A), and then applies it to Mr. Cambiano's request.

**II.     Legal Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions. One such exception is contained in [18 U.S.C.] § 3582(c)(1)." *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted). Even after it has imposed a term of imprisonment, the court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "Under that statute, a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"[2] *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

---

[2]     "Although Congress's . . . amendment of § 3582(c)(1) should have prompted the Sentencing Commission to revise the policy statement set forth in § 1B1.13, the Sentencing Commission has, to date, been unable to do so." *Maumau*, 993 F.3d at 836. Our Circuit has held that the "existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants." *Id.* at 837. "Because Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *Id.* (citation and internal quotation marks omitted).

2

Our Circuit reads § 3582(c) as imposing a jurisdictional requirement. "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request." *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021).

The court now applies this governing law to Mr. Cambiano's motion.

### III. Discussion

#### A. Whether Mr. Cambiano Shows Exhaustion or Lapse Under § 3582(c)(1)(A)

The First Step Act subjects an inmate's motion for compassionate release to certain prerequisites. *First* an inmate seeking compassionate release under § 3582(c)(1)(A) must "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). And the court "may not modify a term of imprisonment once it has been imposed" unless (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days[3] from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A).

Mr. Cambiano's filings explain that he submitted a request for compassionate release to the warden at Texarkana FCI on July 21, 2020. *See* Doc. 924-1 at 1. And the warden failed to respond within 30 days. Doc. 905 at 3 (denying relief in warden's letter dated November 5, 2020). So, Mr. Cambiano shows lapse under § 3582(c)(1)(A). Satisfied that Mr. Cambiano has

---

[3] Under the statute, a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief." *See Id.* (emphasis added).

3

met the statute's requirement of exhaustion or lapse, the court now considers whether he also shows an extraordinary and compelling reason that might warrant relief under § 3582(c)(1)(A).

### B. Whether Mr. Cambiano Shows Extraordinary and Compelling Reasons Under § 3582(c)(1)(A)

Mr. Cambiano asserts that his health conditions while incarcerated during the COVID-19 pandemic constitute extraordinary and compelling circumstances that warrant compassionate release. Doc. 905 at 6. Specifically, he asserts that he is 51 years old and suffers from diabetes, complications from a June 2020 heart attack, high blood pressure, the presence of a heart stint, and obesity. *See id.*; *see also* Doc. 924-1 at 1. Mr. Cambiano also alleges that he has chronic obstructive pulmonary disease (COPD). Doc. 905 at 6. Mr. Cambiano asserts that the dormitory in which he was housed in FCI Texarkana lacked ventilation, rendered social distancing impossible, and exposed him to prisoners who have tested positive for COVID-19. *Id.* Mr. Cambiano has transferred to FTC Oklahoma City, but asserts that he now also suffers from damaged kidneys, complications from an infection, and worsened diabetes. Doc. 924 at 1.

The CDC has explained that high blood pressure, obesity, COPD, diabetes, certain kidney conditions, and heart conditions all can increase the risk of negative outcomes from COVID-19.[4] The government concedes that Mr. Cambiano's medical conditions qualify as extraordinary and compelling circumstances for compassionate release under § 3582(c)(1)(A). *See* Doc. 912 at 18. The court agrees. Defendant's various medical conditions place him in a medical circumstance while incarcerated during the COVID-19 pandemic that presents an extraordinary and compelling reason under § 3582(c)(1)(A).

---

[4] *See* CDC, People with Certain Medical Conditions (updated May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 22, 2021).

The court now considers 18 U.S.C. § 3553(a)'s sentencing factors to determine whether Mr. Cambiano's extraordinary and compelling reason warrants the sentence modification he seeks.

### C. Whether 18 U.S.C. § 3553(a)'s Sentencing Factors Support the Sentence Modification Mr. Cambiano Requests

Before the court may reduce a defendant's term of imprisonment under § 3582(c)(1)(A), the court must consider the relevant sentencing factors under § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).[5] If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence[.]"); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467 at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence.").

Here, Mr. Cambiano's projected release date is May 5, 2027. *See* Thomas Cambiano, Reg. No. 28886-031, https://www.bop.gov/inmateloc/ (last visited June 22, 2021). So, approximately 70 months now remain of Mr. Cambiano's original 135-month term of imprisonment. Those 70 months represent about 52% of his original sentence. Where the court

---

[5] Those factors include: (1) defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a).

previously has granted relief under § 3582(c)(1)(A) during the COVID-19 pandemic, defendants typically sought sentence modifications of lower magnitudes than the one Mr. Cambiano seeks.[6] And the court has held that a defendant's circumstances, in light of § 3553(a), did not warrant relief far more modest than Mr. Cambiano's request.[7] To grant Mr. Cambiano's motion for compassionate release would reduce significantly the sentence's severity. Only a substantial shift in the court's analysis of the relevant § 3553(a) factors since sentencing could justify that outcome.

Here, the circumstances Mr. Cambiano presents do not produce the sufficiently substantial shift. The court's analysis of certain § 3553(a) factors has shifted since Mr. Cambiano's sentencing. For example, the court acknowledges that Mr. Cambiano's health conditions and the resulting risks he faces as a federal inmate during the COVID-19 pandemic support a lesser sentence than when the court sentenced him. The court must weigh this information against other facts relevant to the sentencing factors analysis. Those other facts do not support the significant sentence reduction that Mr. Cambiano seeks.

Among those factors weighing against a sentencing reduction is the severity of Mr. Cambiano's sentencing conduct and criminal history. Mr. Cambiano pleaded guilty to conspiracy to distribute and possession with intent to distribute more than 50 grams of

---

[6] *See, e.g.*, *United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (granting § 3582(c)(1)(A) motion where roughly 5% of defendant's term of imprisonment remained and defendant already had transferred to a residential reentry center); *United States v. Villa-Valencia*, No. 16-20008-07-DDC, 2020 WL 7263894, at *3–5 (D. Kan. Dec. 10, 2020) (granting unopposed § 3582(c)(1)(A) motion where roughly 13% of defendant's term of imprisonment remained and defendant faced deportation upon release); *United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *6–8 (D. Kan. Oct. 8, 2020) (granting § 3582(c)(1)(A) motion where roughly 12% of defendant's term of imprisonment remained).

[7] *See, e.g.*, *United States v. Wuellner*, No. 13-20031-01-DDC, 2021 WL 51024, at *2–3 (D. Kan. Jan. 6, 2021) (holding defendant's incarceration and health conditions during COVID-19 pandemic, though "extraordinary and compelling," were not sufficient given the § 3553(a) factors to warrant replacing the remaining 9% of defendant's term of imprisonment with home confinement).

methamphetamine. Doc. 669 at 8 (PSR ¶ 4). At sentencing, Mr. Cambiano had a criminal history category of IV, and a total criminal history score of seven. *Id*. at 25 (PSR ¶ 97). These aspects of the nature and circumstances of the offense and the history and characteristics of Mr. Cambiano do not support reducing Mr. Cambiano's sentence, let alone by more than half the original sentence.

Several other significant factors that supported Mr. Cambiano's original sentence continue to support a term of imprisonment greater than the time-served sentence that Mr. Cambiano seeks here. The court notes that Mr. Cambiano's sentence must provide (1) just punishment, (2) promote respect for the law, (3) reflect the seriousness of his offense, (4) deter crime, and (5) protect the public. Mr. Cambino requests a nearly 52% reduction of his sentence. A reduction of this magnitude would not satisfy these five sub-factors relative to the seriousness of Mr. Cambiano's crimes. After applying the § 3553(a) factors to Mr. Cambiano today, the court concludes that its aggregate analysis of the sentencing factors has not changed enough since his initial sentencing to render appropriate the substantial sentence modification Mr. Cambiano seeks. The circumstances that Mr. Cambiano asserts thus do not warrant the requested relief under § 3582(c)(1)(A).

Our Circuit's cases "require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction." *Poutre*, 834 F. App'x at 474 (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014); then citing *United States v. C.D.*, 848 F.3d 1286, 1291 (10th Cir. 2017)). And Mr. Cambiano fails to make that showing here. The court thus lacks subject matter jurisdiction.

### IV. Conclusion

Mr. Cambiano seeks compassionate release under § 3582(c)(1)(A).  Although his medical conditions during the COVID-19 pandemic present an extraordinary and compelling circumstance under the governing statute, the court concludes that the applicable sentencing factors do not support the substantial sentence modification that Mr. Cambiano seeks.  His motion thus fails to satisfy § 3582(c)(1)(A)'s requirements.  So, the court lacks subject matter jurisdiction over the motion and must dismiss it accordingly.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Thomas Joseph Cambiano's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 905) is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 29th day of June, 2021, at Kansas City, Kansas.**

>                               **s/ Daniel D. Crabtree**
>                               **Daniel D. Crabtree**
>                               **United States District Judge**