IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITIED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>THOMAS JOSEPH CAMBIANO (07),<br><br>  Defendant. | Case No. 17-20038-07-DDC |

**MEMORANDUM AND ORDER**

Defendant Thomas Joseph Cambiano has filed a pro se[1] Motion for Compassionate Release (Doc. 1038). Mr. Cambiano's motion also requests that the court appoint him counsel and seal documents attached to his motion. The government filed a Response (Doc. 1042), opposing Mr. Cambiano's request. Mr. Cambiano hasn't replied, and the time to do so has passed. For reasons explained below, the court denies all requests in Mr. Cambiano's motion. It begins with the relevant background.

**I.    Background**

On October 15, 2019, Mr. Cambiano pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, violating 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 2. Doc. 581 at 1. On January 24, 2020, the court sentenced Mr. Cambiano to 135 months' imprisonment—below the Guidelines range—and five years of supervised release. Doc. 735 at 2–3; *see also* Doc. 669 at 29 (calculating a Guidelines range of 151–88 months). Mr. Cambiano's projected release date is May 5, 2026, a little over two and a

---

[1]    People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

half years from now.  *See* Thomas Cambiano (Reg. No. 28886031),

https://www.bop.gov/inmateloc/ (last visited October 25, 2023).

On December 16, 2020, Mr. Cambiano filed his first Motion for Compassionate Release. Doc. 905 at 1.  Mr. Cambiano argued that he was 51 years old, suffered from diabetes, complications from a June 2020 heart attack, high blood pressure, the presence of a heart stint, and obesity, amounting to an "extraordinary and compelling reason" to reduce his sentence.  *Id.* at 6.  On June 29, 2021, the court recognized that Mr. Cambiano's medical conditions during the COVID-19 pandemic presented an extraordinary and compelling circumstance, but ultimately concluded that the applicable sentencing factors didn't support the substantial sentence modification Mr. Cambiano requested.  Doc. 939 at 8.

On November 22, 2022, Mr. Cambiano filed his second Motion for Compassionate Release.  Doc. 1038 at 1.  Mr. Cambiano asserts that his health conditions while incarcerated during the COVID-19 pandemic constitute "extraordinary and compelling" circumstances that warrant compassionate release.  *Id.* at 7.  Specifically, Mr. Cambiano asserts that he is 52 years old, his kidneys are failing, and he suffers from diabetes, complications from a June 2020 heart attack, high blood pressure, the presence of a heart stint, and obesity.  *See id.*; *see also* Doc. 1038-3 at 4.  Mr. Cambiano asserts that he can't distance himself from others while in custody and that the Medical Center for Federal Prisoners, Springfield is "an ideal environment for viral spread."  Doc. 1038 at 11.  Mr. Cambiano also provides that he has made substantial efforts to rehabilitate while incarcerated.  *Id.* at 15.  Indeed, Mr. Cambiano submitted records of programs he's completed while incarcerated.  *See* Doc. 1038-4 at 5–12.

With this background in mind, the court begins its analysis with Mr. Cambiano's request that the court appoint him counsel.

## II.     Appointment of Counsel

Mr. Cambiano requested that the court appoint him an attorney to help him litigate his compassionate release request.  *Id.* at 20.  "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]"  *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).  But our court has arranged for appointment of counsel for certain indigent defendants who have filed motions for compassionate release under § 3582(c)(1)(A).  District of Kansas Standing Order 19-1 appoints the Federal Public Defender (FPD) to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act.  Administrative Order 20-8 supplements 19-1 and establishes procedures to address compassionate release motions brought on COVID-19 grounds.  Under 20-8, the FPD has 15 days to notify the court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID.

More than 15 days have passed and the FPD hasn't notified the court that it intends to enter an appearance to represent Mr. Cambiano.  And Mr. Cambiano's filings demonstrate that he, acting pro se, can present his claims effectively.  *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (reciting "the litigant's ability to present his claims" as a factor to consider when deciding whether to appoint counsel).  In its discretion, the court thus declines to appoint Mr. Cambiano counsel.

The court next addresses Mr. Cambiano's request that the court seal certain documents attached to his motion.

## III.    Sealing

Mr. Cambiano's motion requests that the court seal his proposed release plan, medical information, and exhibits to his compassionate release motion.  Doc. 1038 at 5.  Federal courts

3

have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). The party seeking to overcome the strong presumption of public access must show that countervailing interests heavily outweigh the public interest in access to the judicial record. *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)). To overcome this strong presumption favoring public access, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the court's decision-making process. *Colony Ins.*, 698 F.3d at 1241; *see also King v. Bd. of Cnty. Comm'rs of Johnson Cnty., Kan.*, No. 21-2049-KHV, 2022 WL 486550, at *1 (D. Kan. Feb. 17, 2022) (denying motion to seal medical information because defendant had not explained why disclosure of such information would cause harm or how limited redaction wouldn't suffice to protect any real and substantial privacy interests).

Start with Mr. Cambiano's proposed release plan. Mr. Cambiano hasn't explained why the proposed release plan should remain under seal. *See* Doc. 1038-1. After reviewing the document, the court can't find a real and substantial interest that would justify sealing. The court thus denies Mr. Cambiano's request to seal his proposed release plan.

Mr. Cambiano also requested that the court seal his medical records. Doc. 1038-2 at 1. Again, Mr. Cambiano hasn't explained why his medical records should remain under seal. And, as explained above, Mr. Cambiano's Motion for Compassionate Release puts his health squarely at issue. Compassionate release decisions frequently involve medical conditions, so the public has an interest in the information that influences the court's decision-making. *United States v. Read-Forbes*, No. 12-20099-01-KHV, 2023 WL 4824855, at *1 (D. Kan. July 26, 2023) (denying motion to file medical records under seal for compassionate release because the

government did not explain specifically how non-disclosure outweighed the public interest in open courts and because motion for release was based in part on defendant's medical condition); *see also United States v. Washington*, No. 07-20090-02-KHV, 2020 WL 4673168, at 1 (D. Kan. Aug. 11, 2020) (denying motion to file under seal when plaintiff filed for compassionate release based on both his medical condition and the COVID-19 pandemic). Because Mr. Cambiano filed for compassionate release based almost entirely on his medical conditions, the public has a strong interest in these medical records. In the interest of consistency and disclosure to future litigants in similar situations, the public should have access to his medical records. Mr. Cambiano thus has failed to overcome the presumption of public access to judicial records.

Last, Mr. Cambiano asks that the court seal exhibits to his motion. Doc. 1038 at 5. Again, he doesn't explain why. The court has reviewed the exhibits contained in Doc. 1038-3 and Doc. 1038-4. The exhibits include Mr. Cambiano's individualized needs plan, Mr. Cambiano's request for compassionate release to the warden, letters of support from Mr. Cambiano's family, and certificates for programs Mr. Cambiano has completed. The court appreciates the substance of the documents, memorializing his rehabilitative efforts and family support, but doesn't find a real and substantial interest in keeping these documents from the public.

In sum, the court denies Mr. Cambiano's request to seal his proposed release plan, medical records, and exhibits. The court now recites the law governing motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), and then applies it to Mr. Cambiano's request.

### IV.     Compassionate Release Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions. One such

exception is contained in [18 U.S.C.] § 3582(c)(1)." *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted). Even after it has imposed a term of imprisonment, the court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement, our Circuit later held, is a claim-processing rule that the government may waive or forfeit. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

Aside from this exhaustion requirement, the court applies a three-step analysis to the substance of compassionate release motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The court may grant a motion for reduction of sentence only if it:

1. finds that extraordinary and compelling reasons warrant such a reduction;

2. finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

3. considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable.

*Id.*; *see United States v. Wesley*, 60 F.4th 1277, 1282 (10th Cir. 2023) (citing the Sentencing Reform Act of 1984). Relief may "be granted only if all three prerequisites are satisfied," and, accordingly, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).

The Tenth Circuit has held that it does not view the first step—"extraordinary and compelling" reasons—in § 3582(c)(1)(A) as jurisdictional. *Id.* at 942 n.7 (declining "to read a

6

jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect.").

Here, the court need not consider the second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one.² *Maumau*, 993 F.3d at 837–38.

The court now applies this governing standard to Mr. Cambiano's motion.

### V.     Compassionate Release Analysis

The government does not contest that Mr. Cambiano has complied with the exhaustion or lapse requirements of 18 U.S.C. § 3582(c)(1)(A).  *See generally* Doc. 1042; s*ee also* Doc. 1038-3 at 1, 4.  Exhaustion aside, the court denies Mr. Cambiano's motion for two independently sufficient reasons:  (1) Mr. Cambiano hasn't shown extraordinary and compelling reasons for his release, and (2) the § 3553(a) sentencing factors do not favor his release.  The court explains these conclusions below.

#### A.   Extraordinary and Compelling Reasons

Mr. Cambiano asserts that his age and health conditions—failing kidneys, diabetes, June 2020 heart attack complications, high blood pressure, a heart stint, and obesity—while incarcerated during the COVID-19 pandemic constitute extraordinary and compelling circumstances that warrant compassionate release.  Doc. 1038 at 7.  Later in his motion, Mr. Cambiano relies on the court's previous finding that his health conditions present extraordinary

---

² "On April 27, 2023, the United States Sentencing Commission submitted to Congress a proposed amendment to U.S.S.G. § 1B1.13, which is the policy statement that applies to motions for compassionate release.  Absent congressional action to the contrary, the proposed amendment will go into effect on November 1, 2023." *United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2023 WL 6961985, at *5 (D. Kan. Oct. 20, 2023) (internal citation omitted).

and compelling circumstances. *Id.* at 12. But circumstances have changed since the court found extraordinary and compelling reasons in June 2021—specifically, the COVID-19 vaccine.

The government notes that since the court heard Mr. Cambiano's first Motion for Compassionate Release (Doc. 905), Mr. Cambiano has received the COVID-19 vaccine and boosters, mitigating his risk to COVID-19. Doc. 1042 at 13–14, 19. And, the government argues, Mr. Cambiano can no longer maintain a claim of extraordinary and compelling grounds for compassionate release when his vaccination status is weighed against his medical conditions. *Id.* at 19. The court agrees.

The CDC has recognized certain medical conditions increase a person's risk of severe complications from COVID-19.[3] But, the CDC also has explained that the COVID-19 vaccine is a safe and effective way to protect against COVID-19 and the serious conditions that come with a COVID-19 infection.[4] And, our Circuit repeatedly has held (albeit in unpublished opinions) "that a defendant who receives and benefits from the COVID-19 vaccine fails to establish extraordinary and compelling reasons warranting a sentence reduction." *E.g.*, *United States v. Gutierrez*, 2023 WL 1975076, at *3 (10th Cir. Feb. 14, 2023) (citing *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2–3 (10th Cir. Mar. 17, 2022) (citation omitted)). Several district courts in our Circuit—including this one—have adhered to this direction from the Circuit. These courts have concluded that if a defendant has had access to the COVID-19 vaccine, incarceration, even *during* the pandemic, does not qualify as an extraordinary and

---

[3]    *See* CDC, *People with Certain Medical Conditions* (updated May 11, 2023), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 13, 2023).

[4]    *See* CDC, *Benefits of Getting A COVID-19 Vaccine* (updated Sept. 22, 2023), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last visited October 13, 2023); *see also* CDC, *COVID-19 Vaccine Effectiveness Update* (updated Aug. 31, 2023), https://covid.cdc.gov/covid-data-tracker/#vaccine-effectiveness (last visited October 13, 2023).

compelling reason for a sentence reduction.  *See United States v. Read-Forbes*, 2023 WL 6961985, at *8 (D. Kan. Oct. 20, 2023) ("[T]he prevailing scientific view is that even vaccinated individuals with medical comorbidities do not have a significant risk of severe disease or death if they contract COVID-19."); *United States v. Everhart*, No. 18-20031-01-DDC, 2022 WL 6101441, at *3 (D. Kan. Oct. 7, 2022); *United States v. Middleton*, No. 15-40018-02-DDC, 2022 WL 2918148, at *3, (D. Kan. July 25, 2022); *United States v. Maynard*, No. 18-cr-00395-CMA, 2022 WL 2077951, at *2 (D. Colo. June 9, 2022); *United States v. Smith*, No. 2:13-cr-00776, 2022 WL 1422197, at *6 (D. Utah May 5, 2022); *United States v. Oaks*, No. 18-cr-00470-PAB-11, 2022 WL 1081148, at *2 (D. Colo. Apr. 11, 2022); *United States v. Duran*, No. 1:15-CR-27 TS, 2022 WL 844433, at *1 n.3 (D. Utah Mar. 22, 2022).

Mr. Cambiano's medical conditions have not changed significantly since the court dismissed Mr. Cambiano's Motion for Compassionate Release on June 29, 2021.  Doc. 939.  But Mr. Cambiano has received the COVID-19 vaccine and all subsequent booster vaccines.  Doc. 1042 at 13–14.  Thus, mindful of the Circuit's guidance, the court finds that Mr. Cambiano's incarceration during the pandemic is not an extraordinary and compelling reason to reduce his sentence.

### B.  Sentencing Factors in § 3553(a)

Even if Mr. Cambiano had presented an extraordinary and compelling reason for a sentence reduction, his motion still fails at the third step of the § 3582(c)(1)(A) analysis.  Before the court may reduce a defendant's term of imprisonment under § 3582(c)(1)(A), the court must consider the relevant sentencing factors under § 3553(a).  Those factors include:  (1) defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for

rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a). If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence[.]"); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467 at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence.").

Here, Mr. Cambiano asks the court to modify his sentence by reducing it to time served. Doc. 1038 at 6. Or, alternatively, he suggests a term of home confinement. *Id*. at 15. The government asserts that granting Mr. Cambiano's request "would diminish the nature and seriousness of his offense and the need for his sentence to continue to provide just punishment and otherwise promote respect for the law." Doc. 1042 at 22–23.

In January 2020, the court sentenced Mr. Cambiano to 135 months' imprisonment and a term of five years' supervised release. Doc. 735 at 2–3 (Judgment); Doc. 669 at 29 (Presentence Investigation Report ¶ 124) (calculating a Guidelines range of 151–88 months). Today, his projected release date is 30 months away. *See* Thomas Cambiano (Reg. No. 28886031), https://www.bop.gov/inmateloc/ (last visited October 25, 2023). This remainder represents about 22% of his remaining sentence. Where the court previously has granted relief under § 3582(c)(1)(A) during the COVID-19 pandemic, defendants typically sought sentence

10

modifications of lower magnitudes than the one Mr. Cambiano seeks.[5]  And the court has held that a defendant's circumstances, in light of § 3553(a), did not warrant relief far more modest than Mr. Cambiano's request.[6]  To grant Mr. Cambiano's Motion for Compassionate Release would reduce the sentence's severity.  Only a substantial shift in the court's analysis of the relevant § 3553(a) factors since sentencing could justify that outcome.

Here, Mr. Cambiano's circumstances do not produce the sufficiently substantial shift.  Several significant factors that supported Mr. Cambiano's original sentence, including the severity of Mr. Cambiano's offense conduct and criminal history, continue to support a term of imprisonment greater than the time-served sentence that he now seeks.  *See, e.g.*, 18 U.S.C. § 3553(a)(1)–(2) (including "the nature and circumstances of the offense" and the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense").  Mr. Cambiano committed a serious felony offense.  He pleaded guilty to conspiracy to distribute and possession with intent to distribute more than 50 grams of methamphetamine.  Doc. 669 at 8.  And, at sentencing, Mr. Cambiano had a criminal history which included four distinct felonies, along with ten misdemeanors.  *Id.* at 24, 25.  Overall, these four felonies contributed to a criminal history category of IV, and a total criminal history score of seven.  *Id.* at 25.  The nature and circumstances of the offense and Mr.

---

[5]  *See, e.g.*, *United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (granting § 3582(c)(1)(A) motion where about 5% of defendant's term of imprisonment remained and defendant already had transferred to a residential reentry center); *United States v. Villa-Valencia*, No. 16-20008-07-DDC, 2020 WL 7263894, at *3–5 (D. Kan. Dec. 10, 2020) (granting unopposed § 3582(c)(1)(A) motion where about 13% of defendant's term of imprisonment remained and defendant faced deportation upon release); *United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *6–8 (D. Kan. Oct. 8, 2020) (granting § 3582(c)(1)(A) motion where about 12% of defendant's term of imprisonment remained).

[6]  *See, e.g.*, *United States v. Wuellner*, No. 13-20031-01-DDC, 2021 WL 51024, at *2–3 (D. Kan. Jan. 6, 2021) (holding defendant's incarceration and health conditions during COVID-19 pandemic, though "extraordinary and compelling," were not sufficient given the § 3553(a) factors to warrant replacing the remaining 9% of defendant's term of imprisonment with home confinement).

Cambiano's history and characteristics do not support reducing Mr. Cambiano's sentence. Reducing Mr. Cambiano's sentence to time-served would not comport with the nature and circumstances of his offense. *See* 18 U.S.C. § 3553(a)(1). Nor would it adequately promote respect for our laws or provide just punishment for the offense. *See id.* at § 3553(a)(2). The court thus denies Mr. Cambiano's request for compassionate release (Doc. 1038).

**VI.    Conclusion**

As explained above, the court denies Mr. Cambiano's Motion to Appoint Counsel. The court also denies Mr. Cambiano's request to seal certain documents. And it denies his Motion for Compassionate Release. Mr. Cambiano neither has established an extraordinary and compelling reason that warrants a sentence reduction nor shown that § 3553(a)'s sentencing factors support the sentence reduction he seeks. The court thus denies Mr. Cambiano's motion (Doc. 1038).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Thomas Joseph Cambiano's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), Motion to Appoint Counsel, and Motion to Seal (Doc. 1038) is denied. The court orders the Clerk to unseal Doc. 1038-1, Doc. 1038-2, Doc. 1038-3, and Doc. 1038-4.

**IT IS SO ORDERED.**

**Dated this 27th day of October, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
